IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN JOHNSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 04-CV-297 |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by its attorneys, Miller Alfano & Raspanti, P.C., respectfully requests, pursuant to Federal Rule of Civil Procedure 51, that the following Instructions be given to the jury at the conclusion of all the evidence in the above-captioned action.

PROPOSED INSTRUCTION NO. 1

Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention, and I will be as clear as possible.

It has been obvious to me and counsel that until now you faithfully have discharged your duty to listen carefully and observe each witness who testified.  Your interest never wavered, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Sand, Modern Federal Jury Instructions, Instruction 71-1 (1994)

PROPOSED INSTRUCTION NO. 2

Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction, as alone, stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Sand, Modern Federal Jury Instructions, Instruction 71-2 (1994)
The Patapsco Ins. Co. v. Southgate, 30 U.S. 604 (1831)
United States v. 564.54 Acres of Land, More or Less, 576 F.2d 983 (3d Cir. 1978), rev'd on other grounds, 441 U.S. 506 (1979)

PROPOSED INSTRUCTION NO. 3

<u>Role of the Jury</u> (modified)

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province of functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said — or what I may say in these instructions — about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff<u>s</u> <u>have</u> [has] proven <u>their</u> [his]

case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 71-3 (1994)

PROPOSED INSTRUCTION NO. 4

Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

Sand, Modern Federal Jury Instructions, Instruction 71-4 (1999)

6

PROPOSED INSTRUCTION NO. 5

Jury to Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the Court

and outside the province of the jury.  In admitting evidence to which objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind completely, entirely any evidence which has been ruled out of the case by the Court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the Court and counsel held out of your hearing or sight.

Sand, Modern Federal Jury Instructions, Instruction 71-5 (1999)

<u>PROPOSED INSTRUCTION NO. 6</u>

<u>Conduct of Counsel</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 71-6 (1999)

PROPOSED INSTRUCTION NO. 7

Sympathy

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

Sand, Modern Federal Jury Instructions, Instruction 71-10 (1994)
In re Murichison, 349 U.S. 133 (1955)
Edwards v. City of Philadelphia, 860 F.2d 568 (3d Cir. 1988)

PROPOSED INSTRUCTION NO. 8

Publicity — Reminder

You must disregard any and all reports which you have read, seen or heard through the news media.  Such matters are not facts in evidence in this case because they are not relevant, competent or material to the issues which have been developed in this courtroom.  You must not permit such matters to influence your judgment in arriving at a true verdict in this case.


Sand, Modern Federal Jury Instructions, Instruction 71-14 (1994)
United States v. De LaRosa, 450 F.2d 1057 (3d Cir. 1971)

PROPOSED INSTRUCTION NO. 9

<u>Burden of Proof — General</u> (modified)

<u>In a moment, I will be instructing you on the law governing the particular claims asserted by the Plaintiff against the Defendant. But, first, I would like to explain to you the notion of "burden of proof."</u>

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that the Plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the Plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the Plaintiff has failed to sustain his burden and you must find for the Defendant.

If upon a consideration of all the facts on the issues of discrimination, hostile work environment, or retaliation you find that the Plaintiff has failed to sustain the burden cast upon him, then you proceed no further and your verdict must be for the Defendant.


Sand, <u>Modern Federal Jury Instructions</u>, Instruction 73; O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Instruction No. 171:77.

PROPOSED INSTRUCTION NO. 10

Burden of Proof — Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence — he must prove the element

13

at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however, slightly, in favor of the party with this burden of proof — that what the party claims is more likely true than not true — then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.


Sand, <u>Modern Federal Jury Instructions</u>, Instruction 73-2 (1994)
<u>Porter v. American Export Lines, Inc.</u>, 387 F.2d 409 (3d Cir. 1968)
<u>Virgin Islands Labor Union v. Caribe Constr. Co.</u>, 343 F.2d 364 (3d Cir. 1965)

PROPOSED INSTRUCTION NO. 11

What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness' credibility — you must

15

follow the limiting instructions I have given.

Arguments by lawyers are not evidence because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 74-1 (1999)
<u>Sims v. Greene</u>, 161 F.2d 87 (3d Cir. 1947)

PROPOSED INSTRUCTION NO. 12

Direct and Circumstantial Evidence

There are two general types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses — something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

17

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 74-2 (1999)
<u>Michalic v. Cleveland Tankers, Inc.</u>, 364 U.S. 325 (1960)

PROPOSED INSTRUCTION NO. 13

<u>Limiting Instruction</u> (Only if Necessary)

        You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purpose for which it was admitted.  <u>My specific limiting instructions are as follows:</u>

Fifth Circuit Pattern Jury Instruction No. 2.15 (2000)

PROPOSED INSTRUCTION NO. 14

<u>Stipulation of Facts</u> (modified)

During the trial, counsel presented a joint stipulation of facts, which was read to you.   A stipulation of facts is an agreement among the parties that a certain fact is true.   You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 74-4 (1999)

20

PROPOSED INSTRUCTION NO. 15

<u>Stipulation of Testimony</u> (Only if Necessary)

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect, if any, to be given that testimony.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 74-5 (1994)

PROPOSED INSTRUCTION NO. 16

Summaries and Charts Admitted as Evidence (Only if Necessary)
(modified)

The plaintiff and/or Defendant has presented exhibits in the
form of demonstrative charts and summaries.  I decided to admit
these charts and summaries in place of the underlying documents
that they represent in order to save time and avoid unnecessary
inconvenience.  You should consider these charts and summaries as
you would any other evidence.

Sand, Modern Federal Jury Instructions, Instruction 74-11 (1999)

PROPOSED INSTRUCTION NO. 17

Summaries and Charts Not Admitted as Evidence (Only if Necessary)
(modified)

The demonstrative charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

Sand, Modern Federal Jury Instructions, Instruction 74-12 (1994)

23

PROPOSED INSTRUCTION NO. 18

Depositions [and Hearing Transcripts] (Only if Necessary)(modified)

Some of the testimony before you is in the form of depositions and hearing transcripts which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Sand, Modern Federal Jury Instructions, Instruction 74-14

PROPOSED INSTRUCTION NO. 19

Inference Defined (modified)

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff ask[s] you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw — but not required to draw — from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

25

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 75-1 (1994)
<u>Schulz v. Pennsylvania R. Co.</u>, 350 U.S. 523 (1956)
<u>EEOC v. Greyhound Lines, Inc.</u>, 635 F.2d 188 (3d Cir. 1980)

PROPOSED INSTRUCTION NO. 20

Effect of Inference on Burden of Proof —
Inference Against Defendant Does Not Shift Burden of Proof
(modified)

The mere existence of an inference against the Defendant does not relieve the Plaintiff of the burden of establishing his case by a preponderance of the evidence.  If the Plaintiff is to obtain a verdict, you must still believe from the credible evidence that he has sustained the burden cast upon him.  If he has failed, then your verdict must be for the Defendant.  If you should find that all of the evidence is evenly balanced, then the Plaintiff has failed to sustain the burden of proof and your verdict should be for the Defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the Plaintiff by a preponderance of the evidence [the standard I have articulated], then he has met the burden of proof.

Sand, Modern Federal Jury Instructions, Instruction 75-2 (1994)
United States v. Charkasky Meat Co., 259 F.2d 89 (3d Cir. 1958)
Eckenrode v. Pennsylvania R. Co., 164 F.2d 996 (3d Cir. 1947)

27

PROPOSED INSTRUCTION NO. 21

<u>Uncalled Witness Not Equally Available</u> (Only if Necessary) (modified)

You have heard evidence about a witness who has not been called to testify.  Counsel for the <u>Defendant</u> [Plaintiff] has argued that this witness could have given material testimony in this case, and that the <u>Plaintiff</u> [Defendant] was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the <u>Plaintiff</u> [Defendant], and that the <u>Plaintiff</u> [Defendant] was in the best position to produce him<u>/her</u>, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the <u>Plaintiff</u> [Defendant].

In deciding whether to draw this inference, you should consider whether this witness' testimony merely would have repeated other testimony and evidence already before you.  You also may consider whether the <u>Plaintiff</u> [Defendant] had a reason for not calling this witness which was explained to your satisfaction.  Any inference you decide to draw should be based on all of the facts and circumstances in this case.


Sand, <u>Modern Federal Jury Instructions</u>, Instruction 75-3 (1994)
<u>Cromling v. Pittsburgh & Lake Erie R.R. Co.</u>, 327 F.2d 142 (3d Cir. 1963)

28

PROPOSED INSTRUCTION NO. 22

<u>Presumptions — Rebuttable Presumption Defined</u> (modified)

You have heard arguments by counsel which call on you to make certain presumptions.

What is a presumption?  A presumption requires you to find one fact from the existence of another fact.

Before you may find the presumed fact to exist, you must, therefore, determine whether the underlying or basic fact has been proved.  Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact also was proved.

One word of caution.  The mere existence of a presumption never shifts the burden of proof.  In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the Plaintiff to prove all the *elements* of his claims.  The presumptive fact, therefore, would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 75-8
<u>Ulster County Court v. Allen</u>, 442 U.S. 140 (1979)

PROPOSED INSTRUCTION NO. 23

<u>Witness Credibility</u> (modified)

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his <u>or her</u> testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It also must be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he <u>or she</u> appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his <u>or her</u> demeanor — that is, [his] <u>the witness'</u> carriage, behavior, bearing, manner and appearance while testifying?  Often, it is not what a person says but how he <u>or she</u> says it that moves us.

30

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.


Sand, Modern Federal Jury Instructions, Instruction 76-1
Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620 (1944)

PROPOSED INSTRUCTION NO. 24

<u>Bias</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 76-2 (1999)

PROPOSED INSTRUCTION NO. 25

<u>Interest in Outcome</u> (modified)

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 76-3 (1999)
<u>Davis v. Alaska</u>, 415 U.S. 308 (1974)

PROPOSED INSTRUCTION NO. 26

<u>Discrepancies in Testimony</u> (modified)

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his <u>or her</u> testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his <u>or her</u> testimony. You should, as always, use common sense and your own good judgment.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 76-4 (1999)
<u>Quock Ting v. United States</u>, 140 U.S. 417 (1891)

34

PROPOSED INSTRUCTION NO. 27

<u>Retaliation</u> (modified)

An employer may not discriminate against any of its employees or applicants for employment because such individual has opposed any practice made unlawful by Title VII, Section 1981, or the PHRA, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under Title VII, Section 1981 or PHRA.  To prevail on a retaliation claim under Title VII, Section 1981, or the PHRA, the Plaintiff must show all of the following:

1.    Plaintiff engaged in protected activity;

2.    Plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

3.    Defendant took an adverse employment action against Plaintiff because of Plaintiff's protected conduct.


O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Instruction Nos. 171:25; <u>Woods v. Bentsen</u>, 889 F. Supp. 179, 187 (E.D. Pa. 1995); <u>Harris v. SmithKline Beecham</u>, 27 F. Supp.2d 569, 580 (E.D. Pa. 1998), <u>aff'd</u>, 203 F.3d 816 (3d Cir. 1999); <u>Fortier v. U.S. Steel Group</u>, No. 01-CV-2029, 2002 WL 1797796, at *4 (W.D. Pa. June 4, 2002); <u>Warner v. Montgomery Township</u>, No. CIV.A. 01-3309, 2002 WL 1623774 (E.D. Pa. Jul. 22, 2002)

PROPOSED INSTRUCTION NO. 28

<u>Protected Activity</u> (modified)

An employee engages in protected activity when he:

     1.   opposes an unlawful employment practice;

     2.   files a charge of discrimination; or

     3.   participates in a charge brought by another.

42 U.S.C. §2000e ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); 43 P.S. § 955(d) ("PHRA"); <u>Fogleman v. Mercy Hosp.</u>, 283 F.3d 561, 567 (3d Cir. 2002); <u>Barber v. CSX Distribution Servs.</u>, 68 F.3d 694, 701-02 (3d Cir. 1995).

PROPOSED INSTRUCTION NO. 29

Causation (modified)

The requisite link between the protected activity and the adverse employment action may be shown by producing evidence of circumstances that justify an inference of retaliatory motive, such as protective conduct closely followed by the adverse action. Temporal proximity between the protected activity and the alleged retaliatory action, however, is but one factor to consider in retaliation cases. All the evidence as a whole must be considered in determining whether the temporal relationship establishes retaliation. In other words, timing alone will not suffice to prove retaliatory motive if the evidence taken as a whole fails to demonstrate that the adverse activity was caused by the protected activity.

McNamara & Southerland, Federal Employment Jury Instructions, Instruction No. 2:411; Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279-80 (3d Cir. 2000); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997); Grimm v. Borough of Norristown, 266 F. Supp.2d 606, 643-44 (E.D. Pa. 2002); Kelleher v. City of Reading, No. CIV. A. 01-3386, 2002 WL 1067442, at *6 (E.D. Pa. May 29, 2002).

PROPOSED INSTRUCTION NO. 30

<u>Adverse Employment Action</u> (modified)

Adverse employment actions are discharges, demotions, refusals to hire, and refusals to promote. Actions such as decisions concerning assignments, administrative matters, and departmental procedures, while extremely important to a person who has dedicated his or her life to the position, do not rise to the level of an adverse employment action.

McNamara & Southerland, <u>Federal Employment Jury Instructions</u>, Instruction No. 9:170; <u>Weston v. Commonwealth of Pennsylvania</u>, 251 F.3d 420, 426 (3d Cir. 2001)

PROPOSED INSTRUCTION NO. 31

Employer Knowledge (modified)

To establish that a Defendant employer retaliated against a Plaintiff because of a protected constitutional right, the Plaintiff must demonstrate that the Defendant knew of the retaliation and knew of the Plaintiff's constitutional activities.

McNamara & Southerland, Federal Employment Jury Instructions, Instruction No. 9:160

PROPOSED INSTRUCTION NO. 32

Legitimate Nondiscriminatory Reasons for Employment Decision
(modified)

You must also consider any legitimate, nondiscriminatory reason or explanation stated by the Defendant for its decision. If you determine that the Defendant has stated such a reason, then you must decide in favor of Defendant unless the Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for Defendant's retaliation against the Plaintiff.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Instruction No. 171:77; Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 432 (3d Cir. 2001)

40

PROPOSED INSTRUCTION NO. 33

Race Discrimination:  Hostile Work Environment

_____In order to prove a racial discrimination claim of a hostile work environment against his former employer, the Defendant, the Plaintiff must prove the following five elements by a preponderance of the evidence:  (1) that he was subjected to intentional discrimination because he is African American; (2) that the intentional racial discrimination he suffered was pervasive and severe; (3) that the intentional racial discrimination he suffered had a detrimental affect upon him; (4) that the intentional racial discrimination he suffered would have detrimentally affected a reasonable person in Plaintiff's position;  and (5) that the Defendant knew or should have known that the Plaintiff was being subjected with intentional discrimination because he is African American and failed to take prompt remedial action to end the racial discrimination.

Aman v. Cort Furniture Rental Corp., 85 F. 3d 1074, 1081 (3d Cir. 1996).

41

PROPOSED INSTRUCTION NO. 34

Race Discrimination:  Disparate Treatment
(Burden-Shifting Theory (modified)

In order to prove a racial discrimination claim of disparate treatment against his former employer, the Defendant, the Plaintiff employee must prove by a preponderance of evidence that he is a member of a protected class, that the employer intentionally discriminated against the employee on the basis of race, and that the Plaintiff employee sustained damages as a result.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by Defendant for its decision.  If you determine that Defendant has stated such a reason, then you must decide in favor of Defendant unless Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for Defendant discriminating against Plaintiff.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,
Instruction No. 171:77; McDonnell Douglas Corp. V. Green, 411
U.S. 792, 802 (1973)

PROPOSED INSTRUCTION NO. 35

Race Discrimination:  Disparate Treatment (Mixed-Motives Theory)

A plaintiff may establish a case of race discrimination through disparate treatment under the mixed-motives framework.  In this case, a plaintiff does not have to show direct evidence of discrimination to establish his case.  Further, in a mixed-motive case, even if a defendant provides a legitimate business reason for the adverse employment action, a plaintiff can prevail if he shows that another motivating factor of defendant's decision is the plaintiff's protected characteristic.

If you find that the Defendant is liable to the Plaintiff based on a mixed-motive theory, Plaintiff will not be entitled to compensatory damages.

Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003)

43

PROPOSED INSTRUCTION NO. 36

Consider Damages Only If Necessary (modified)

If the Plaintiff has proven by a preponderance of the credible evidence that the Defendant is liable on the Plaintiff's claim[s], then you must determine the damages to which the Plaintiff is entitled.  However, you should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.

Sand, Modern Federal Jury Instructions, Instruction 77-1 (1994)
Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970)

PROPOSED INSTRUCTION NO. 37

Compensatory Damages

Damages are available for each of the claims raised by the Plaintiff.  Should you find in favor of the Plaintiff, then you must award the Plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate the Plaintiff. Regardless of how many claims the Plaintiff succeeds on, he is entitled to only one award of damages.

For each of the Plaintiff's claims, actual damages are available.  In making an award for actual damages, you should consider the following elements of damages:

1.   The physical pain and emotional suffering the Plaintiff has experienced, the nature and extent of the injury, whether the injury is temporary or permanent;

2.   The reasonable value of the medical and similar care and supplies reasonably needed by and actually provided to the Plaintiff;

3.   The out-of-pocket expenses the Plaintiff incurred while he was unemployed for medical and other benefits he enjoyed as the Defendant employee.

Throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

45

PROPOSED INSTRUCTION NO. 38

Nominal Damages

If you find in favor of the Plaintiff but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Instruction Nos. 168:61, 171:95, 168:220, 168:221, 168:222, 168:223, 171:90, 171:94, 168:63, 168:60, 171:91, 171:92, 168:62.

Feldman v. Philadelphia Housing Authority, 43 F.3d 823 (3d Cir. 1995); Keenan v. City of Philadelphia, 983 F.2d 459, 470 (3d Cir. 1992); Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 830 (3d Cir. 1991); Frazier v. Southeastern Pa. Transp. Auth., 868 F. Supp. 757, 761 (E.D. Pa. 1994); Rogers v. Pa. Board of Probation & Parole, 724 A.2d 319, 323-4 (Pa. 1999).

PROPOSED INSTRUCTION NO. 39

Mitigation of Damages

If you find that the Plaintiff was injured as a result of conduct by the Defendant, you must determine whether the Plaintiff could have done something to lessen the harm suffered. The Defendant has the burden to prove by a preponderance of the evidence that the Plaintiff could have lessened or reduced the harm done to the Plaintiff and that the Plaintiff failed to do so.

If the Defendant establishes by a preponderance of the evidence that the Plaintiff could have reduced the harm done to the Plaintiff but failed to do so, the Plaintiff is entitled only to damages sufficient to compensate for the injury that the Plaintiff would have suffered had the Plaintiff taken appropriate action to reduce the harm.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Instruction Nos. 168:61, 171:95, 168:220, 168:221, 168:222, 168:223, 171:90, 171:94, 168:63, 168:60, 171:91, 171:92, 168:62.

Feldman v. Philadelphia Housing Authority, 43 F.3d 823 (3d Cir. 1995); Keenan v. City of Philadelphia, 983 F.2d 459, 470 (3d Cir. 1992); Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 830 (3d Cir. 1991); Frazier v. Southeastern Pa. Transp. Auth., 868 F. Supp. 757, 761 (E.D. Pa. 1994); Rogers v. Pa. Board of Probation & Parole, 724 A.2d 319, 323-4 (Pa. 1999).

PROPOSED INSTRUCTION NO. 40

No Punitive or Exemplary Damages

_____If you determine that the Plaintiff is entitled to damages, in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing the Defendant or serving as an example to warn others.

Poli v. SEPTA, No. Civ. A. 97-6766, 1998 WL 405052, at *14 (E.D. Pa. July 7, 1998); Frazier v. Southeastern Pa. Transp. Auth., 868 F. Supp. 757, 761 (E.D. Pa. 1994); Clark v. Southeastern Pa. Transp. Auth., 691 A.2d 988, 991 (Pa. Commw. Ct.), appeal denied, 704 A.2d 640 (Pa. 1997), Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 830 (3d Cir. 1991) (en banc), cert. denied, 504 U.S. 943, 112 S. Ct. 2281, 119 L. Ed. 2d 206 (1992).

48

PROPOSED INSTRUCTION NO. 41

Right To See Exhibits and
Hear Testimony; Communications with Court (modified)

You are about to go into the jury room and begin your deliberations. It is my practice to allow the admitted exhibits to be taken into the jury room. [If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.] If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting [exhibits or] portions of the testimony.

Your requests for [exhibits or] testimony — in fact any communication with the court — should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Sand, Modern Federal Jury Instructions, Instruction 78.1 (1994)
Handbook of Fed. Judicial Practices and Procedures, E.D. Pa., Judge
Jan DuBois, p. 115, ¶ 2.

<u>PROPOSED INSTRUCTION NO. 42</u>

<u>Duty To Deliberate/Unanimous Verdict</u> (modified)

You will now return to decide the case.  In order to prevail, the Plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his complaint.  If you find that the Plaintiff has succeeded, you should return a verdict in his favor on that claim.  If you find that the Plaintiff failed to sustain his burden on any element of its claim, you should return a verdict against him and in favor of the Defendant.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself [himself], but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the

evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.


Sand, <u>Modern Federal Jury Instructions</u>, Instruction 78-3 (1999)
<u>American Publ'g Co. v. Fisher</u>, 166 U.S. 464 (1897)

<u>PROPOSED INSTRUCTION NO. 43</u>

<u>Deadlock Charge:  Reaching Agreement</u> (modified)

This case is important for the Plaintiff and for the Defendant.  Both parties, as well as the Court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his or her conscientious judgment.

You are reminded that the Plaintiff, to prevail, must prove each element of <u>their</u> [his] claims in accordance with the standards, that I explained to you before.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 78-4 (1999)

PROPOSED INSTRUCTION NO. 44

Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

Sand, Modern Federal Jury Instructions, Instruction 78-5 (1999)

PROPOSED INSTRUCTION NO. 45

Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.   Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.


Sand, Modern Federal Jury Instructions, Instruction 78-6 (1999)

PROPOSED INSTRUCTION NO. 46

<u>General Verdict Form</u> (modified)

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the Plaintiff's claims against the Defendant. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 78-7 (1999)

55

PROPOSED INSTRUCTION NO. 47

General Verdict Accompanied
by Answers to Interrogatories (modified)

I have prepared two forms for you to use in recording your decisions.  The first is a general verdict form.  On this form, there are spaces to indicate your verdict on each of the Plaintiff's claims against the Defendant.  You should return a verdict on each claim.

The second form contains interrogatories, or written questions about some of the issues in this case.  These questions are to be answered "yes" or "no."  You should answer every question on this second form except where the form indicates otherwise.

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

Sand, Modern Federal Jury Instructions, Instruction 78-8 (1994)

WHEREFORE, Defendant respectively requests that this Court instructs the jury in this matter as set forth herein, and reserves the right to supplement these proposed instructions at the close of the case and prior to the Court's final instruction.

Respectfully submitted,

MILLER ALFANO & RASPANTI P.C.


BY: _____
    Gino J. Benedetti, Esquire
    Maria L. H. Lewis, Esquire
    ECF#s GJB320, ML738
    1818 Market Street, Suite 3402
    Philadelphia, PA  19103
    (215) 972-6400

    Attorneys for Defendant,
    The    Southeastern    Pennsylvania
    Transportation Authority


Dated: March 23, 2005

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Defendant's Requested Jury Instructions has been served on this date upon the individual and in the manner indicated below:

## VIA HAND DELIVERY

Olugbenga O. Abiona, Esquire
1433 South 4th Street
Philadelphia, PA  19147

Attorney for Plaintiff Steven Johnson


MILLER ALFANO & RASPANTI P.C.


BY:  _____
Maria L. H. Lewis, Esquire
ECF# ML738
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 972-6400

Attorneys for Defendant,
The   Southeastern   Pennsylvania
Transportation Authority


Dated: March 23, 2005


F:\PBL\MLL\SEPTA.OUJ (Federal)\Trial Prep\Johnson\JuryInstructions.wpd