# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Johnson | : | CIVIL ACTION |
| _Plaintiff_, | : | |
| | : | |
| v. | : | NO.:  04-CV-297 |
| | : | |
| SEPTA | : | |
| _Defendant_ | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Plaintiff, Steven Johnson, respectfully submits the following Proposed Jury Instructions and Verdict Form to be presented to the jury at the close of evidence. Plaintiff respectfully reserves the right to amend and or supplement this instruction at the close of evidence.

Respectfully submitted,

Dated: March 23, 2005                    Olugbenga O. Abiona, Esquire

## 1.1     NATURE OF PLAINTIFF'S CASE

In this case, the Plaintiff, Steven Johnson, has sued the Defendant, SEPTA, for race discrimination and retaliation for various disciplinary actions and adverse employment actions taken against him by SEPTA, which he contends are conducts prohibited by the federal statute, under 42 U.S.C. Section 1981, Title VII and the state statute under the Pennsylvania Human Relations Act.

**1.2**    <u>**THE DEFENDANT'S CONTENTIONS**</u>

Defendant has denied discriminating or retaliating against Plaintiff because of his race.

## 1.3    **TRIAL PROCEDURE**

We will start the trial in a few minutes. Counsel will present opening statements where they will identify for you the issues we will ask you to resolve and the evidence they expect to offer in support of their claims. Then each side will call witnesses and offer documents into evidence to provide you with information on the issues and facts relating to the dispute.

You should generally expect we would start the trial each morning at 9:30 a.m., take short breaks when necessary, break for lunch each day for one hour at 12:30, and for the day at 4:30. As the trial goes on we may need to make some adjustments to that schedule.

At the close of evidence, I will provide you with written instructions on the law and with a verdict form that will identify the questions that we will ask you to resolve. Counsel will then have an opportunity in closing arguments to review the evidence they have presented, their view of the significance of the facts, and their clients' views on how you should answer the questions in verdict forms.

1.4     **DUTY OF JURY**

It will be your duty to determine what the facts are from the evidence as presented at trial. You, and you alone, are the judges of the facts. You will have to apply those facts as you find them to the law, as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

1.5     **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence. They include:

1.Statements, arguments, and questions by lawyers are not evidence.

2.Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits they believe being offered into evidence are not admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustained or upheld the objection, you should ignore the question or document in question. If I overruled the objection, and allowed the mater into evidence, treat the testimony or document like any other evidence.

3.You should not consider testimony and documents that I have excluded into evidence.

4.Anything you see or hear outside the courtroom is not evidence and must be disregarded.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.

It will be up to you to decide which witness to believe, which witness not to believe, and how much of any witness' testimony to accept or reject.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the case, both direct and circumstantial.

## 1.6    BURDEN OF PROOF

This is a civil case.  The plaintiff has the burden of proving his case by what is called a preponderance of evidence.  That means the plaintiff has to produce evidence which, when considered in the light of all facts, leads you to believe that what the plaintiff claims, is more likely true than not.  To put it differently, if you were to put plaintiff and defendant's evidence on opposite sides of a scale, the evidence supporting the plaintiff's claim would have to make the scale tip somewhat on his side.  If plaintiff fails to meet his burden, your verdict must be for the defendant.  For those elements for which the defendant has the burden of proof, if the defendant fails to meet its burden, your verdict must be for the plaintiff.

Those, of you who have served on a criminal jury will have heard the term "proof beyond a reasonable doubt."  That requirement does not apply to a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff met his burden of proof by a preponderance of evidence in this case.

1.7      <u>**CONDUCT OF THE JURY**</u>

Now, a few words about your conduct as jurors.  First, I instruct you that during the trial until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, **not even among yourselves**.  If anyone should try and talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not research any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberation at the end of the case.

If you wish, you may take notes.  My courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, leave them in the jury room when you leave at night.  And remember that they were for your own personal use—they are not to be given or read to anyone else.

**2.0      GENERAL INSTRUCTIONS TO BE INSTRUCTED**
        **AFTER CLOSE OF EVIDENCE**


**2.1      INTRODUCTION**

Members of the Jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties as jurors and the general rules that apply in every civil case.  I will explain some rules that you must use in evaluating particular testimony and evidence.  I will explain the positions of the parties and the law you will apply in this case.  And last, I will explain the rules that you must follow during your deliberation in the jury room, and the possible verdicts you may return.

Please listen very carefully to everything I say.

**2.2**     **JUROR'S DUTIES**

You have two main duties as jurors.  The first one is to decide that the facts are from the evidence that you saw and heard in Court.  Deciding what the facts are, is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of evidence, a defendant is liable.  It is my job to instruct you about the law, and your bound by the oath you took at the beginning of the trial to follow the instructions that I give you and to treat the parties in this action equally, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**2.3**    **EVIDENCE  DEFINED**

You must make your decision based only on the evidence that you saw and heard in Court.  Do not let any rumors, suspensions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allow into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.  Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyer asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted to see.  I may also have ordered you to disregard things that you saw or heard, or I struck things from record.  You must completely ignore all these things.  Do not ever think about them.  Do not speculate about what a witness might have said or what and exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 2.4   <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 2.5    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."   Direct evidence is simply evidence like the testimony of any eyewitness, which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply as set of circumstances that indirectly prove a fact.  For example, if someone walked into the courtroom wearing a raincoat covered in drops of water and carrying a wet umbrella that would be circumstantial evidence from which you conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**2.6** **CREDIBILITY OF WITNESSES**

In determining the weight to give the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some time the witness said or did something, or failed to say or do something, that was different from the testimony he gave at trial.

You should remember that a simple mistake by a witness does not necessarily mean that witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement you must consider whether it was simply an innocent lapses of memory of an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

**2.7**     **<u>NUMBER OF WITNESSES</u>**


One more point about the witnesses.  Sometimes jurors speculate and wonder if the number of witnesses who testified makes any difference.  The number of witnesses testifying for one side does not dictate the truthfulness of the fact in issue.

Do not make any decision based only on the number of witnesses who testified.  What is more important is how believable the witness were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**2.8     <u>DEPOSITION TESTIMONY</u>**

The testimony of a witness (party) whom for some proper reason cannot be present to testify in person may be presented in this form.  Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness.  A court reporter takes down everything that is said and then transcribes the testimony.  This form of testimony is entitled to neither nor less consideration by the jury because of the manner of its submission.

**2.9**     **ADMISSION OF FACT**


The admission of fact made by the agent of the defendant or plaintiff in the answer to the complaint or other pleading, document, statement, testimony may have been offered by the plaintiff or defendant and received in evidence.  The defendant or plaintiff is bound by this (these) admission(s).

**2.10    WILLFULLY FALSE TESTIMONY**

If you decide that a witness has deliberately falsified his or her testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his/her testimony, but you are not required to do so.

**2.11**    **<u>FAILURE TO PRODUCE EVIDENCE</u>**

      The general rule is that where evidence which would properly be part of a case is within the control of, or available to, the party whose interest it would naturally be to produce it, and if he fails to do so without satisfactory explanation, you may draw the inference that, if produced, it would be unfavorable to him.

**2.12** **CAUTIONARY CHARGE: JURY NOT TO ASSUME JUDGE HAS EXPRESSED AN OPINION ON THE EVIDENCE**

I have invited your attention to various factors, which you may consider in evaluating witnesses' testimonies and the evidence for the plaintiff and defendant.  In doing so, I have not attempted to indicate any opinion on my part concerning the weight you should give to the evidence, or to any part of it, and I would not want you to think that I had.  In any event, it is for you and you alone to determine the credibility of each witness.

**3.0**   **STATUTE INVOLVED**

The federal statutes 42 U.S.C. Section 1981 and Title VII prohibits an employer from discriminating against an employee as to actions taken on the basis of the employee's race. These statutes also prohibit an employer from retaliating against an employee for complaining about the employer's conduct that he believed to be because of his race.

**3.1.1**         **ELEMENTS OF RACE DISCRIMINATION UNDER THESE STATUTES**

To establish a *prima facie* case of race discrimination, Plaintiff must show

that:     1.     He is a member of a protected class under the statutes;

2.     He was treated less favorably by Defendant than another employee

not of the same race; and

3.     He suffered an adverse employment action because of the

differential treatment by the Defendant.

Should Plaintiff meet his burden of proof for these elements, Defendant must present

credible evidence of a legitimate non-discriminatory reason for treating Plaintiff less

favorably from the other employee not of the same race.

Should Defendant meet its burden of persuasion, Plaintiff must show that Defendant's

proffered reason for the adverse action was a pretext or false.

### 3.1.2   <u>ADVERSE ACTION BY EMPLOYER</u>

An adverse employment action is a decision by the employer that adversely affects the terms, conditions or privileges of the employee's employment, wages, income, benefits, or classify a condition of the employee in a way which would tend to deprive him/her of employment benefits or otherwise affect his/her status as an employee.

<u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286 (3d Cir. 1997)

### 3.1.3   <u>**SHIFTING OF BURDEN**</u>

If you find that Plaintiff has proven by the preponderance of evidence all the three elements of his prima facie case, the burden shifts to Defendant to articulate a legitimate non-discriminatory or non-retaliatory reason for the adverse actions taken against Mr. Johnson.

<u>Shaner v. Synthes</u>, 204 F.3d 494, 500 (3rd Cir. 2000)

### 3.1.4   <u>LEGITIMATE BUSINESS REASON</u>

The defendants have a burden of production to articulate, a credible legitimate, non-discriminatory business reason for ordering Plaintiff to pay for the stolen radio, or for not reducing the payment by Plaintiff as they did for other officers.  **A legitimate business reason cannot violate the law, or any agreement or policy that the defendant is a party to**.

If you find that Defendant has failed to articulate a credible legitimate, non-discriminatory or non-retaliatory business reason for its adverse actions taken against Mr. Johnson, you must find in favor of the Plaintiff.  If, however, you find that Defendant has articulated a legitimate, non-discriminatory business reason for the adverse actions taken against Mr. Johnson, the burden then shifts to Mr. Johnson to show that Defendant's reason was false or a pretext for discrimination.

### 3.1.5   **PRETEXT ------DEFINITION**

"Pretext", when used in the context of a Section 1981 or Title VII violation, means that the reason given by the employer for the adverse action is implausible, arbitrary, unreasonable, inconsistent, unlawful, a cover-up or false.

If you find that the reason given by Defendants for the adverse actions suffered by Mr. Johnson was **either** implausible, arbitrary, unreasonable, inconsistent, unlawful, a cover-up or false, then you must enter your verdict for Mr. Johnson and against Defendants.

It is for you to decide whether or not you believe or disbelieve Defendant's proffered legitimate business reason for the adverse actions suffered by Mr. Johnson.

You are entitled to infer, but need not infer that discrimination or retaliation was a motivating factor in Defendant's adverse actions taken against Mr. Johnson, if you find that Mr. Johnson has met his initial burden of proving the three elements of a discrimination case, and you disbelieve Defendant's explanation for the adverse actions suffered by Mr. Johnson.

Krouse, 126 F.3d at 504; West Philadelphia Electric Co., 45 F.3d 744 (3rd Cir. 1995); Andrews v. City of Philadelphia, 895 F.2d 1469 (3rd Cir. 1990); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3rd Cir. 1996).

**3.1.6   TOTALITY OF THE CIRCUMSTANCES**

In determining the discriminatory or retaliatory motive or intent of Defendants, you are permitted to consider evidence of past or subsequent discriminatory or retaliatory conduct on the part of Defendants **as circumstantial evidence** of Defendant's state of mind, intent, or motive in the actions taken against Plaintiff that is the subject matter of this case.

West Philadelphia Electric Co., 45 F.3d 744 (3rd Cir. 1995); Andrews v. City of Philadelphia, 895 F.3d 1469 (3rd Cir. 1990); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3rd Cir. 1996)

### 3.1.7          <u>ATMOSPHERE OR CULTURE</u>

Just as past employment discriminatory or retaliatory conducts can be used as circumstantial evidence of discriminatory or retaliatory intent or state of mind, so can the atmosphere and "culture" where those decisions are and were made, inform your determination.

You may consider discriminatory or retaliatory statements, actions or conducts of any of Defendant's supervisors or managers towards Plaintiff or any other African American Police officer to determine the "atmosphere" or "culture" at this place of employment.

<u>Abrahams v. Lightoiler, Inc.</u>, 50 F.3d 1204, 1214 (3rd Cir. 1995); <u>Ezold v. Wolf, Block, Shor & Solis-Cohen</u>, 983 F.2d 509, 533 (3rd Cir. 1993); <u>Brewer v. Quaker State Oil Refining Corp.</u>, 72 F.3d 326 (3rd Cir. 1995); <u>Antol v. Perry</u>, 82 F.3d 1291, 1302 (3rd Cir. 1996).

**3.1.8**         **ELEMENTS FOR PROVING A RETLIATORY CLAIM**

To prove retaliation, plaintiff must initially establish:

     1)     That he engaged in protected activity under the respective statutes;

     2)     That he suffered an adverse action by the employer subsequent to or

               contemporaneous with the protected activity.

     3)     That a casual connection exists between his engaging in protected activity

               and the adverse employment.

        Burrus v. United Telephone Co., 683 F.2d 339 (10th Cir. 1982)
        McDonnell Douglas Corp. v. Green, 411 US 792 (1973)
        Brock v. Richardson. 812 F.2d 11 (3d Cir. 1987)

**3.1.9**          **<u>RETALIATORY INTENT</u>**

It is not easy to prove motive directly because **sometimes there is no way to determine or scrutinize the operation of the individual's mind**.  However, you, the jury, may infer an individual's intent to retaliate from the surrounding circumstance.

<u>McDonnell Douglas, Corp. v. Green</u>, 411 US 792, 93 S.Ct. 1817, 36 L.Ed. 2d 688 (1973)

### 3.1.10  **RETALIATION: PROOF OF UNDERLYING CLAIM UNNECESSARY**

As a jury, for the purposes of your determination of plaintiff's retaliation claim, **you should not** be concerned with the question of whether plaintiff's expressed protected activity of race discrimination was valid.   For the purpose of making your determination in Plaintiff's retaliation claim, **you do not have to decide** whether or not Defendants in fact discriminated against Mr. Johnson because of his race in the incident where he had complained to Defendant of race discrimination.   An employee is protected from retaliation by an employer if the employee opposes employment practices, which the employee, in good faith, believes violates the anti-discrimination laws.  **It is irrelevant in your determination on Plaintiff's claim of retaliation**, whether Defendant discriminated against Plaintiff in September 2001 when Plaintiff complained that he was being subjected to race discrimination to Defendant and the PHRC.

It is only relevant that you determine that Plaintiff believed in good faith that, he was discriminated against in that incident and he brought that concern to Defendant's and the PHRC's attention.   The intent of the statute is to give citizens the right to protest or complain against actions of an employer that the employee reasonably believed to be race discrimination, even if the action turns out not to be race discrimination, without the fear of being subjected to reprisal by the employer.

Loe v. Re/Max of America, Inc., 35 PEP Cases 564 (10th Cir. 1984)

Novotny v. Great American Federal, 539 F. Supp. 437 (W.D. Pa. 1982)

Mandia v. Acro Chemical Co., 618 F.Supp. 1248 (E.D. Pa. 1985)

Brock v. Richardson, 812 F.2d 121 (3d Cir. 1987)

### 3.1.11          <u>**CASUAL CONNECTION**</u>

In proving the element of casual connection, the passage of time is not sufficient to eviscerate a retaliation claim.  The fact that the adverse actions happened several months after the complaint does not mean it could not have been in retaliation for the complaint.  Mere passage of time is not legally conclusive proof against retaliation.

See, <u>Aman v. Cort Furniture Rental Corp.</u>, 85 F.3d 1074, 1085 (3d Cir. 1996)

<u>Robinson v. SEPTA</u>, 982 F.2d 894-95 (3d cir. 1993).

**3.1.12**   **<u>SHIFTING OF BURDEN</u>**

If you find that Plaintiff has proven by the preponderance of evidence all the three elements of his retaliation case, the burden shifts to Defendant to articulate a legitimate non-retaliatory reason for the adverse actions against Mr. Johnson.

<u>Shaner v. Synthes</u>, 204 F.3d 494, 500 (3rd Cir. 2000)

**3.1.13**          **<u>MIXED MOTIVE CHARGE</u>**

Plaintiff has contended that his engaging in protected activities under the federal statutes was a motivating factor in Defendant's adverse actions towards him thereafter.

If you decide that these decisions by Defendant were products of both a **mixture of legitimate and illegitimate motives**, the burden of proof is then placed upon the Defendant to show, by a preponderance of evidence, that Defendant would have made these decisions, even if it had not taken into account Mr. Johnson's engagement in protected activities under the statutes.

### 4.1    DAMAGES ---GENERALLY

The fact that I instruct you on the law of damages must not be taken as an indication that you should or should not find for the plaintiff.  It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendants.

However, if you return a verdict for the plaintiff, you must award the plaintiff such a sum as you find by a preponderance of evidence will fairly and justly compensate Mr. Johnson for any damages you find he suffered as a result of Defendant's action.

Plaintiff is entitled to be awarded any amount of money you find he lost as wages as a result of Defendant's discriminatory or retaliatory conduct.

In determining Mr. Johnson's damages, you should also consider any, mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment, emotional distress and insult to which Mr. Johnson was found by you to have been subjected and which was a result of Defendant's unlawful action.

You must enter separate amounts for each type of damages in the verdict from provided and must not include the same items in more than one category.

**4.2**          <u>**COMPENSATORY DAMAGES**</u>


As I earlier told you, you may award damages for any pain, suffering, mental anguish, inconveniences, and other forms of financial loses that Mr. Johnson experienced as a consequence of Defendant's discriminatory actions.   No evidence of monetary value for such intangible things as emotional pain and suffering has been, or need be, introduced to evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages.  Any award you make must be fair in light of the evidence presented at trial.

In determining the amount of these and other damages that you decide to award**,** you should be guided by your common sense and life experiences.  You must use sound discretion for fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.  You may take into consideration in reaching your decision on compensatory damages, the testimony of Mr. Johnson and other witnesses regarding the impact of Defendant's discriminatory or retaliatory action on Mr. Johnson.

**5.0**   **<u>DELIBERATION AND VERDICT</u>**

**5.1**   **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence and the underlying law of the case.  Now let me finish up by explaining some things about you deliberation in the jury room, and possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  One more thing about messages.  Do not ever write or tell anyone how you stand on your votes.  That should stay in secret until you are finished.

5.2     **<u>SPECIAL VERDICT</u>**

In a few minuets, the jury will be removed to the jury room for its deliberation, which by custom of this Court shall be presided over by a foreperson.

A special verdict summary sheet has been prepared for your convenience to record your unanimous verdict.  You will take this form to the jury room, and after reaching unanimous agreement on the verdict to be rendered and the amount, if any, of damages awarded, you will have your foreperson write the answer to the questions posed on the form in the manner indicated.

After you have completely filled in the verdict in the manner indicated on the summary sheet, you will return it to the courtroom for delivery to the Clerk.

**5.3**      <u>**UNANIMOUS VERDICT**</u>

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges ---judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your fore person fill in, date and sign the form.  You will then return to the courtroom and your fore person will give your verdict.

It is proper to add caution that nothing is said in these instructions and nothing in the verdict form is meant to suggest or convey in any way or manner an indication as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

**5.4**     **DUTY TO DELIBERATE**


When you retire to the jury room you will be free to talk about the case.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow juror's have to say.  Try your best to work out your differences.  Do not simply change your mind just because other jurors see things differently, or just to get the case over with.  In the end, the vote must be exactly that ---your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be mad of what you say.  So you should feel free to speak your minds.

5.5     **SYMPATHY**


        I instruct that your verdict must be based solely and exclusively on the evidence
in the case and that you cannot be governed by passion, prejudice, sympathy or any
motive except giving a fair and impartial consideration for the evidence.  You must not
allow any sympathy, which you might have for any of the parties or witnesses to
influence you in any degree whatsoever in arriving at your verdict.  The Court does not
charge you not to sympathize with the parties or witnesses because it is only natural and
human to sympathize with persons involved in litigation.  But, the Court does charge you
not to allow that sympathy to enter into the consideration of the case or to influence your
verdict.

**5.6**   **<u>COURT HAS NO OPINION</u>**

Let me finish up by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if Mr. Johnson has proved his case by a preponderance of evidence, whether Defendant has met its burden of production to articulate a credible legitimate, non-discriminatory or non-retaliatory business reason for their decision, and whether you believe or disbelieve Defendant's reasons.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Steven Johnson | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | NO.:  04-CV-297 |
| | : | |
| SEPTA | : | |
| Defendant | : | |

## <u>JURY VERDICT FORM</u>

1.      Has Mr. Johnson proved, by a fair preponderance of evidence, that he was

subjected to race discrimination by Defendant in violation of Title VII or Section 1981?

          A.      YES                 _____

          B.      NO                    _____

2.      Has Mr. Johnson proved, by a fair preponderance of evidence, that he was

subjected to retaliation by Defendant in violation of Title VII or Section 1981?

          A.  YES                 _____

          B.  NO                   _____

        If you answered "Yes" to **<u>either</u>** Question No. 1 **or** No. 2, enter your verdict for

the Plaintiff and answer the following:

3.      How much do you award in damages to Plaintiff?

        Lost Income                $_____

        Compensatory Damages      $_____

                        **Signed:**         _____

                                        **Jury Fore Person**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the foregoing Plaintiff's proposed Jury

Instructions and Verdict Form was served on Defendants today electronically and by

regular mail, postage prepaid, at:

Gino J. Benedetti, Esquire
Miller, Alfano & Raspanti
Suite 3402
1818 Market Street
Philadelphia, PA 19103


                                                    /s/

Dated: March 23, 2005            _____

                                                    Olugbenga O. Abiona, Esquire